**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUDDY HARTONO, a.k.a. Christophorus,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-72073<br><br>Agency No. A099-824-474<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Yuddy Hartono, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny in part and grant in part the petition for review, and remand for further proceedings.

Substantial evidence supports the BIA's denial of CAT relief because Hartono failed to demonstrate it is more likely than not he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, Hartono's CAT claim fails.

With respect to asylum and withholding of removal, Hartono alleges native Indonesian youths repeatedly beat him, and, while in high school, a native Indonesian youth broke his nose and a mob of Muslims attacked him, beat him with a metal pipe and wooden stick, and burned his chest with cigarettes. Substantial evidence does not support the BIA's finding that these experiences do not rise to the level of persecution. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 (9th Cir. 2004) ("We have consistently found persecution where, as here, the petitioner was physically harmed . . . [particularly where] such harm was inflicted on more than one occasion over a period of years . . . .") (internal citation omitted); *Baballah v. Ashcroft*, 367 F.3d 1067, 1076 (9th Cir. 2004). If Hartono is able to

establish past persecution, he is entitled to a presumption of a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(1).  Accordingly, we grant the petition for review as to Hartono's asylum and withholding of removal claims, and we remand to the agency for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).  We also remand for the agency to address Hartono's argument that he faces persecution on account of an imputed political opinion.  *See id.*

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**